Case No. 4-1358, Southern Airways Express, LLC Petitioner v. United States Department of Transportation and Sean P. Duffy in his official capacity as Secretary of Transportation. Mr. Nankin for the petitioner, Ms. Hendrickson for the respondents. Mr. Nankin, good morning. Good morning, owners. Let me tell both counsel that we have caucused and you can rely on your briefs on the jurisdictional issue. So, if you'll just go straight to the hearing. Thank you, Your Honor. May it please the court. My name is Kenneth Nankin. I represent the petitioner in this appeal, Southern Airways Express, LLC. Your Honors, in preparing for this argument, one line in the department's brief caught my eye on page 11. That in selecting SkyWest to receive subsidies for central air service at Morgantown, West Virginia, the department's, quote, determination was wholly reasonable in light of the evidence received by the department in this proceeding. So, Your Honors, this statement raises the question, what was the evidence received by the department in this proceeding? In particular, what was the evidence received on perhaps the most critical factor that the department was required to consider under the mandatory EAS statute, quote, the demonstrated reliability of the applicant and providing scheduled air service? That's 49 USC, 41733C1A. On the topic, Your Honors. Yes, Your Honor. May I ask you, so there is an exhaustion requirement in the statute.  And I'm just, I guess I'm not sure how in a proceeding like this for an EAS, you know, in this type of proceeding, how would a competing bidder make an objection? Yes, Your Honor. Your comments that were submitted as part of the proceeding were understandably focused on why Southern Airways should get the subsidy, but not necessarily. There were no real comments about why, for instance, SkyWest shouldn't get the subsidy. So how would you preserve objections or exhaust objections in this type of proceeding? Yes, Your Honor. Well, first, I would note that exhaustion was not an issue that was argued in the briefs by the department. Of course, this does not waive the issue, but if the respondents thought this was a valid argument, certainly I would think that they would argue. They would argue exhaustion standing freely. But more important, Your Honor, I do believe that Southern complied with the statute, the form and the substance of the statute. There was a requirement, yes, that's 49 U.S.C. 46110D, a requirement for prior objection, Your Honor. And there were some comments that were submitted in the proceeding. None of those comments go to the insufficiency of the order granting SkyWest, you know, the EAS award. Your Honor, the comments were actually submitted prior to the final order, yes. I'm wondering if there's some, I can maybe ask your colleagues on the other side, like, is there a mechanism for seeking reconsideration of an order or something like that? Your Honor. Required for exhaustion. Yes, there is a mechanism for seeking reconsideration. But in those comments, Southern, the petitioner, did, in fact, not only tout its own proposal, but exhorted the, of course, the department to consider the mandatory factors that was required to consider, including the total cost. And it did deal, in fact, with some of the elements of the other proposals that were made by the other applicants. So, Your Honor, I think it's important to note that in the statute, the requirement for prior objection, there's no requirement that there's a prior objection to the order that was issued by the department, just that the prior objection be made. And I think that, in fact, there was a prior objection because Southern saw the other proposals and saw that they were deficient and saw that this was an opportunity before there was a ruling, an order by the department to go ahead and address those deficiencies and also to suggest that it had the superior proposal. So, yes, there was a mechanism for reconsideration, Your Honor, but I don't believe that it was necessary because these comments were made. These are the exact points that are made now in the petition for review, Your Honor. Southern didn't seek reconsideration. That is correct, Your Honor, because I believe that these same points were addressed in the comments, and that's at JA 101. And then, of course, in the final order itself at JA 109, the DOT, in fact, itself recognizes that the incumbent, which Southern was, submitted comments in this case arguing that the air carrier proposal meets preponderance of the evidence and required to consider in an ES selection case, including by offering the least expensive service option. Of course, that's one of the critical objections that's made that its proposal, the proposal that was accepted, was one-third more expensive, SkyWest, and Southern's was much less expensive. So, yes, there was no objection to the order, but there was an objection to kind of the guts of the order. And there was an encouragement by Southern, encouraging the department to make sure that it considered all the relevant factors as required to consider under 49 U.S.C. 41733, Your Honor. And then also, there's not only, I believe, that the subsection D, 49 U.S.C. 46110D, the prior objection was made, there's also an exception here if there's a reasonable ground for not making the objection in the proceeding. And I believe that's met as well because the department was already required to consider these five elements, these five mandatory selection factors under 49 U.S.C. 41733, Your Honor. So, I do believe there was a prior objection that was properly made in the proceeding, Your Honor. So, back on the topic of reliable service, which was the C1A factor the department was required to consider, SkyWest stated in its proposal, our combination of safe and reliable aircraft, well-timed schedules, and access to one of the world's largest airline networks will provide passengers with quality air service and stimulate economic growth in the region. That's at JA 96. So, SkyWest's proposal mentioned safe and reliable aircraft were provided no evidence as to the reliability of its scheduled air service. Reliable aircraft and reliable service are two very different things. But that didn't stop the department from making conclusion as to the reliable service of SkyWest in its final order, where it concluded that SkyWest has a proven record of providing... Mr. Rankin, can I ask you? So, obviously, there's a lot at stake for Southern here in terms of this award. But I'm wondering, why isn't any error here by the department harmless? There's no evidence in your briefing or allegations in your briefing that, for instance, SkyWest doesn't provide reliable service. So, the claim in some ways is, well, the department should have provided a little bit more explanation of how it reached its conclusion. But you still have to overcome the harmless error bar. Your Honor, I believe that this is a mandatory factor that the department was required. In fact, in the briefing, the department touts the submission of SkyWest and maybe even the comments of the community saying, well, they're saying that it's reliable. They can't hunt or abdicate this obligation to consider, and this is the mandatory language under 49 U.S.C. 41733C, the secretary shall consider, among other factors.  They did consider. Well, we had no evidence that they considered. What were they wrong? They made a finding that the carrier's consistent reliability providing EAS nationwide. Is that wrong? Well, Your Honor, there's no evidence in the record supporting that conclusion. I think under Getty that the department was required to show its work, to show how they came up with that conclusion, that there's a proven record of reliable EAS in markets around the country. They're confined to this record. And this just simply doesn't exist. Whether or not it's a contested issue that's really or a disputed issue, that's beside the point. Their obligation is rock solid here. Demonstrated reliability of the applicant in providing scheduled air service. The department just couldn't phone it in and presume that because nobody disputed it that, in fact, there was reliable service. So, Your Honor, I don't believe that under Getty that there was reasoned consideration of the service reliability factor. This deficiency alone renders the final order arbitrary and capricious in our view. But this was not the only fatal deficiency in the final order. The department also failed to engage in reasoned consideration of the total compensation factor that it was required to consider, 49 USC 41733C15. As I noted before, SkyWest's subsidy request was about $2 million per year more expensive than Southern's proposal, or one-third more expensive. The department concluded that SkyWest's request was acceptable because it falls within the, quote, unquote, competitive range of options. That's at J109. But the department never defined what this competitive range was. How is a proposal costing one-third more competitive? The department didn't explain this. It seems that the department's competitive range was defined by whatever request the applicants happened to submit. But that's not reasoned consideration of the mandatory cost factor. Well, it's reasoned consideration when they took into account all the factors that reliability, which I'm not sure what you're objecting to. You're not pointing to anything to suggest that they were wrong in saying that the competing airline had a record of reliability. Code share, where you're clearly on the wrong end of it, and preferred choice, where you're clearly on the wrong end of it. When you read this record, it's pretty clear what the agency is saying. They have the support of the market clearly over you. They have the code share clearly over you, and they are reliable. And the money is not unacceptable to the agency. That's terribly reasoned to me. I don't know what's tricky about that. And they beat you out on two or three factors easily, undisputedly. And so you want to make a lot on the fact that the agency wouldn't count the cost as being disqualifying, wouldn't count it more. Why should they have to? They said it was within a range, and it was not in the range that was out of the question. They made that very clear. What's tricky about this decision? This is not a hard decision. Well, Your Honor, I believe that reasoned consideration of cost, which is required by the statute.  They said it was within the range, and they said reliability, code share, and preferred choice by the community beats you out. Your Honor, I would say that – And you want to say, well, forget all those things. We want to go right to cost, because we beat them on cost. And the agency was saying, no, it was not within the range where we would say unacceptable. Your Honor, I would disagree. My view is that reasoned consideration of cost is having a budget, having parameters in mind based on the experience. And they have to put in an accountant's statement? What do they have to do for you to win the whole thing on cost? What is it that they have to show? Well, Your Honor, I say we win on not just cost, but on the reliability factor as well. I think they have to explain why, in fact, a proposal that's so much more is justified in terms of the past experience of other ES subsidies at Morgantown. I don't think that they ever explain why a proposal is that much more acceptable. This is why the exhaustion requirement is important, because your main claim is a failure to explain claim. And if you had raised that to the agency, they could have written a few more paragraphs explaining their view, and then we would have that here. But instead, you've come straight to this court without bringing those objections to the agency. And so if we were to remand, you haven't shown that they would come up with a different conclusion. So these things are interrelated, the failure to not raise objections and the type of failure to explain claim that you're bringing. Your Honor, I would respectfully disagree, because in the comments that were submitted before the final order, Southern could see that this was coming, potentially. So that's why Southern took the extraordinary step of submitting these comments before the final order that specifically highlighted the importance of reasoned consideration of that fifth factor, the total compensation proposed. And what did those comments say to show that SkyWest was not reliable? It did not, Your Honor. Of course it didn't. And the agency's claim or suggestion was not refuted. So you didn't have anything there. You certainly have nothing on code share and you have nothing on preferred choice because the community had expressed its preference. So I'm not getting it. You're boasting on having had the opportunity to present the case before the order came out. And so I'm saying, well, what did you present on reliability? And you say nothing, even though you knew that was going to be a factor against you. Your Honor, when the comments were submitted, of course, that was before the order came out. But you just got finished telling us you knew what was coming. And so you might have guessed that reliability was not going to work well for you. You certainly knew code share was not going to work well for you and you knew preferred choice was not going to work for you. So I'm not sure what... You have an obligation if you're challenging the absence of substantial evidence or reasoned decision-making and you want to take that chance and you want to present something to make sure the record's complete, you got to say something. You didn't say anything. You're just saying we don't want to lose. And we've got costs. We think we'll win on costs. Well, the agency said, you know, maybe you are better on costs, but it's not dispositive. And they explained it. Again, Your Honor, respectfully, I would disagree, especially as to the cost factor that was extensively addressed there in the comments that were submitted before the final order. The agency gave its explanation. They were within a range that was not... The agency was not going to find that was impermissible. It was not the best, but it was not the worst, and it was not out of a range that the agency was willing to pay. Your Honor, again, I think the department had an obligation to define what that competitive range was and engage in reasoned decision-making explaining why a proposal that was so much more expensive was going to be acceptable in the selection of an airline other than the incumbent, Southern, Your Honor. I think what they're saying on this record is because you're so much better than you on reliability, co-chair, and the community prefers them, not you. It kind of speaks for itself. So then the only thing the agency has to think about is, do we have the money and are we willing to spend at this level? And they explained it, and they said, yes, we are. We don't think this is prohibitive. I mean, it's a pretty straightforward... Talking about substantial evidence, we've seen cases up here where there's nothing and the agency has said nothing. That's not this case. I don't know what more you want them to do. Again, Your Honor, especially on the factor of reliability, yes, it wasn't a disputed issue, but I think they had an obligation to fulfill the statutory requirement of explaining why in the record this particular applicant had demonstrated the reliability of its scheduled air service, and they simply didn't do that. It was just taken as a granted. It was just phoned in, Your Honor, and I think that on its face is insufficient. Let me ask you just one question. Did you make any attempt to say, well, we can offer flights to Chicago or we can get bigger planes? I mean, I see this as an issue of service. The locals and the leaguers or whatever, they wanted, first of all, larger planes and they wanted to be able to get to Chicago rather than Pittsburgh. No, Your Honor. This was the routing that was proposed. There was no attempt to change that. Could you have said, well, let us see if we can get a Chicago route with bigger planes? Well, that was just incompatible with the routing network that Southern had and also the aircraft, the Cessna aircraft that have the very reliable, very popular nine-passenger aircraft as opposed to the 50-seat regional jet aircraft that I believe SkyWest has. Okay. We'll give you a couple minutes to reply. Thank you, Your Honor. Mr. Hendrickson? Yes. Good morning. May it please the Court. Erin Hendrickson for Respondents. The petition for review should be denied. The department selected SkyWest to provide essential air service in Morkentown, West Virginia, based on a reasoned evaluation in which it considered all five of the statutory factors. The statute does not single out any one factor as dispositive. The statute only requires the department to consider all five factors, which it did, and provide a reasoned explanation for choosing SkyWest. SkyWest's proposal was the best fit for Morkentown for several reasons. First, it was the only airline that had a co-chair agreement with a larger airline. SkyWest proposed operating United Express jet service direct to two United hubs, Dulles International Airport and Chicago O'Hare. Once you have one airline that has this co-chair, does that knock out other airlines from having a co-chair? I don't believe so, Your Honor. In this particular case, SkyWest was the only carrier that had a co-chair with a larger airline. The remaining proposals were all interline agreements, which provides a less integrated travel experience for the passenger. Look, you have the co-chair argument clear, and it was stated. You have the preferred community choice. That's clear. They can't contest either. The reliability made a lot of noise about that today. What's your response on what was the agency looking at with respect to its finding that this was reliable service? Your Honor, there's nothing derogatory in the record about SkyWest service. In their proposal, they explained they would provide quality service with their safe, reliable aircraft, well-timed schedules, and access to United's extensive network. The community agreed after it had an opportunity to interview the candidate. There's nothing in the record that disputes this. SkyWest is a repeat player at the Department of Transportation in terms of EAS proceedings. We're familiar with their operations. They serve over 40 EAS communities across the United States. Ms. Henderson, why did the Department not brief the exhaustion issue? Is it common for there to be a motion for reconsideration of these orders when someone is disappointed they didn't get the subsidy? What is the process for that? That often is the case, Your Honor, where a disappointed bidder will file a motion for reconsideration with the agency. If it's a failure to explain, does the agency just provide more explanation? What's the normal? Yes, Your Honor. That's typically what happens. The Department will engage in a more detailed analysis in their order to further explain why they selected the carrier in the first instance. We did raise that in our opposition to Petitioner's Emergency Stay motion, which this court denied last December. My understanding of the record on the reliability is that SkyWest is the surrogate. That is the reliable nature of their service. That is on the record for anyone to refute, if they wanted to. That material, with respect to the performance of airlines, is readily available, right? That's correct, Your Honor. Southern didn't put anything in their papers opposing the Commission's coming decision to suggest that, in fact, that is not true. They really have not been reliable, and here's what shows it. If you look at it as the burden of the party asserting the absence of substantial evidence, they certainly didn't meet that. They didn't say anything to suggest it. SkyWest was simply saying, essentially, the record is clear. We are reliable. Indeed, they suggested nothing to the contrary. Is that your argument? That's our argument, Your Honor. You're correct that Southern did submit a comment in this proceeding, and they did have the opportunity to raise any issue that they thought SkyWest had in regard to service reliability, and they failed to do so. The Department also considered total compensation. In the final order, the Department explains that the SkyWest proposal fell within the competitive range, meaning it wasn't the highest, nor was it the lowest proposal. It fell within the middle, and the Department naturally considered the value it was receiving for this cost. SkyWest proposed 50-seat jet service to two large hub airports. In fact, they were the only carrier that proposed flying west to Chicago. In comparison, although Southern's proposal was the cheapest, they proposed flying nine-seat turboprop aircraft to one medium hub airport, Pittsburgh, and one large hub airport, Dulles International. When Congress included the total compensation factor during the 2024 FAA Reauthorization Act, it did not instruct the Department to pick the cheapest bid, nor did it say that this should be given greater weight than any of the other factors. The Department did consider total compensation. All right. Thank you. Thank you. Why don't you take one minute? Thank you, Your Honor. The only point that I really would like to make in rebuttal, listening carefully to the argument of the Department, was the statement that, well, we knew that SkyWest was a repeat player in the Central Air Service Network, serving 40 communities around the country. We knew it had reliable service due to this. Again, Your Honors, that's not in the record. We're confined to the record, and we're confined to the representations that SkyWest made about just having reliable aircraft, not having reliable service. Then we have the Department making a conclusion about what they believe is reliable service, but there's no reason, consideration of evidence. It's in the record that is supporting that conclusion, Your Honors. For that reason, I believe alone that the final order is arbitrary, capricious, and the petition for review should be granted, Your Honor. You're suggesting that SkyWest said, I want to make sure I'm hearing you straight. You're suggesting SkyWest merely said, we have reliable planes, but we don't have reliable service, or we're not going to suggest we have reliable service? That's your assertion? Your Honor, that's their statement, not mine, Your Honor. That JA-96, our combination of safe and reliable aircraft, maybe they presumed everyone just knew they had reliable service, but again, it's a statutory requirement. How reliable are we if we get to where we're supposed to go on time and safely? Well, I mean, that's, again... Unreliable, you don't get there. You have problems, accidents. They're making the assertion of reliable, and the problem for you is there is a public record of airline performance, and if you would want to refute that on reconsideration, that was easy. That was easy. Because they have a bad record, you could have shown that in a heartbeat. Again, I believe that the burden was on the department to show that its conclusion that there was reliable service was supported by the evidence in this record, and again, I don't believe that evidence exists in this record, Your Honor. Okay. All right. Thank you. Thank you. Thank you, Your Honors.
judges: Henderson; Rao; Edwards